(November 30, 1912.)

## LAFAYETTE R. YATES, Respondent, v. CAMAS PRAIRIE RAILROAD CO., a Corporation, Appellant.

[128 Pac. 545.]

RAILROAD COMPANY—KILLING OF HORSES—PUBLIC HIGHWAY—NEGLI-GENCE—SUFFICIENCY OF EVIDENCE—CONSTRUCTION OF STATUTE.

(Syllabus by the court.)

1. The evidence *held* sufficient to support the verdict.
2. That part of sec. 2815, Rev. Codes, as amended by Laws of 1911, p. 706, which provides that proof of the wounding, maiming or killing of livestock by a railroad company shall be *prima facie* evidence of negligence or wilfulness on the part of the company, applies only to stock that has been killed on the company's line where it is required to fence it, and not at a highway crossing.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action to recover damages for the killing and wounding of certain horses. Judgment for plaintiff. *Affirmed.*

Geo. M. Ferris and W. N. Scales, for Appellant.

It is not contended, nor is there any proof, that the defendant failed in any statutory duty which it owed to the plaintiff or the public generally, and negligence cannot be presumed, in the absence of proof, except where some law has been violated. (*Cottrell v. Union Pac. R. Co.,* 2 Ida. 576 (540), 21 Pac. 416.)

Assuming, however, that the provision of the statute making the killing or injuring of livestock *prima facie* evidence of negligence on the part of defendant applies to the facts in this case, still the undisputed testimony of the engineer and fireman, who were the only witnesses to the striking of the animals, shows conclusively that the casualty was unavoidable, and overcomes any presumption of negligence or wilfulness that may have existed by reason of such statute, at the close of plaintiff's evidence. (*Jones v. O. S. L. Ry. Co.,* 6 Ida.

441, 56 Pac. 76; *Jensen v. Northern Pac. Ry. Co.*, 8 Ida. 599, 70 Pac. 790; *Wallace v. O. S. L. Ry. Co.*, 16 Ida. 103, 100 Pac. 904.)

L. Vineyard, for Respondent.

The failure to place in the statute "public crossings" makes it certain that the legislative intent was, that if stock should be maimed or killed at a public crossing on a highway, the company would be *prima facie* guilty of negligence. The expression of one excludes the other. (Broom's Legal Maxims, star page 286.) "Public crossings" not being used in the act, the legislature intended to exclude it when it used the word "farm crossings."

If, as it is permissible to do, negligence is alleged in general terms, without specifying the particular acts constituting such negligence, evidence is admissible of any act or omission which tends to support the pleading, or of any degree of negligence necessary to entitle the plaintiff to recover. (*Mack v. St. Louis R. Co.*, 77 Mo. 232; *Omaha etc. R. Co. v. Wright*, 49 Neb. 456, 68 N. W. 618.)

SULLIVAN, J.—This is an appeal from a judgment in favor of the plaintiff, who is respondent here, entered upon a verdict of the jury for the killing of three horses and the injuring of two others near Grangeville, on September 6, 1911. It is alleged in the complaint that the appellant, the railroad company, negligently and carelessly ran over with its locomotive and cars, and did thereby maim and kill five head of horses of the value of $565, for which sum plaintiff demanded judgment together with an attorney's fee of $150.

It appears from the evidence that the horses for which the recovery was had escaped from the inclosure or pasture of the respondent on to the public highway; that on the morning of September 7, 1911, three of the animals were found lying dead along the side of appellant's track and east of a public crossing; that there were marks of horses' hoofs upon the crossing where they were hit, and one side of the cattle-guard or wing fence was broken by reason of one or more of

the horses being thrown against it by appellant's train, at the time the animals were struck; that the train was running at a speed of from eighteen to twenty miles an hour; that the railroad track was perfectly straight and free from objects that would in any way obstruct the view of the engineer, for more than a mile west of the crossing, and that the horses could have been seen on the crossing a considerable distance therefrom; that the horses in some way, without the knowledge or fault of the plaintiff, escaped from his pasture; that they were struck with great force by the engine and were thrown some sixty feet, and three of them were instantly killed, and no effort was made to stop the train either before or at the time the horses were killed.

The testimony on the part of appellant showed that the horses were seen by the engineer 250 yards away; that they ran across the track and that the engineer saw no more of them before they were struck; that the night was dark and cloudy and the electric headlight on the engine was burning brightly; that the engineer saw some horses run across the track at said public highway and disappear down the road upon the other side of the track; that just as the engine passed over said highway crossing one of the horses for which damages is claimed rolled off the pilot on the engineer's side, which was the first he saw of any animals after the horses had disappeared across the track. Evidently the horses, after running across the track, turned and ran back.

At the close of appellant's testimony the appellant moved for a nonsuit, on the ground that the plaintiff had failed to prove a sufficient case for the jury, which motion was denied, and the cause submitted to the jury and a verdict was returned for the sum of $565 damages and $100 attorneys' fees, from which judgment this appeal was taken.

The first error assigned is that the court erred in denying appellant's motion for a nonsuit.

It is conceded that the animals killed got upon the track upon a public highway crossing in the night-time and were struck by the engine. It is also conceded that the track was properly fenced on both sides of the cattle-guards. The only

question presented is whether under these conditions the railway company can be held liable for the killing of said horses. The jury was instructed that the mere fact that the animals were struck by a train upon a public highway crossing was not evidence of negligence on the part of the defendant, and that plaintiff must show by a preponderance of evidence that the defendant was guilty of negligence or he could not recover. The instruction given by the court was clearly the law in this case, and the question then presented is whether the evidence shows negligence on the part of the defendants in killing and injuring said horses. The evidence shows that the night was dark, that the track was straight, that the engine had a proper headlight, which was burning brightly, and that the engineer saw a bunch of horses, when about 250 yards from the crossing, pass over it. That fact alone required the engineer, if not to slacken his train, to keep a very careful lookout for horses. The evidence shows that he did not see any horses after they crossed the track until they were struck by the engine and one of them rolled off the pilot on the engineer's side. This of itself shows that he was not keeping a very careful watch, after having seen said horses run across the highway crossing when only 250 yards therefrom. If the headlight on the engine was burning brightly at that time and the engineer was keeping a careful watch, he certainly would have seen the horses before they were struck by the engine. We think the evidence shows negligence on the part of the appellant and that the jury was justified in finding a verdict for plaintiff. The court, therefore, did not err in overruling said motion for a nonsuit.

The question is presented as to whether the provisions of sec. 2815, Rev. Codes, as amended by Laws of 1911, p. 706, which make the proof of wounding, maiming or killing of animals by a railroad company *prima facie* evidence of negligence or wilfulness on the part of such company, apply to this case. We think that the legislative intent was to apply the provisions of that section to stock that was killed on the company's line where it was required to fence it and not at highway crossings. That section provides, *inter alia,* as follows:

"After such fences, gates, farm crossings and cattle-guards shall have been duly made, installed and maintained, such railroad company or corporation shall not be liable for any damage, unless negligently or wilfully done, and in all actions for the recovery of damages under this section, proof of the wounding, maiming or killing of such animal or animals by such railroad company or corporation, shall be *prima facie* evidence of negligence or wilfulness on the part of such railroad company or corporation."

The provisions of that section in regard to *prima facie* evidence of negligence apply to actions brought under the provisions of that section and not to cases where stock is killed by a railroad company at places where the railroad company is not required to fence its right of way.

As we are fully satisfied from all of the evidence that it is sufficient to support the verdict, and that the record contains no error, the judgment must be affirmed, with costs in favor of the respondent.

Stewart, C. J., concurs.

### ON PETITION FOR REHEARING.

(January 2, 1913.)

PER CURIAM.—A petition for rehearing has been filed in this case and the court's attention has been called to the fact that attorneys' fees are only allowed in damage cases where they are brought under the provisions of an act amending certain sections of the code requiring railroad companies and corporations to fence their track and maintain crossings and cattle-guards. (Sess. Laws 1911, p. 706.) On a re-examination of the matter, we are satisfied that the contention of the petitioner is correct, and that the decision of this court affirming the decision of the trial court must be modified to the extent of reducing said judgment $100, the amount of the attorney's fee allowed. It is therefore ordered that said judgment be reduced $100 and affirmed as to the balance of the judgment.